IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EILEEN M. GARGER,

        Plaintiff,

vs.                                   Case No. 22-3002-SAC

CLOUD COUNTY HEALTH CENTER, et al.,

        Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of her constitutional rights in relation to events occurring in Cloud County, Kansas. Plaintiff is currently incarcerated at the Topeka Correctional Facility in Topeka, Kansas. Plaintiff has presented her complaint on forms for an action pursuant to 42 U.S.C. § 1983.[1]   This case is before the court for the purposes of screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).  Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.  United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the

elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"The elements necessary to establish a § 1983 ... violation will vary with the constitutional provision at issue." Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013) (quotation omitted). Liability also depends upon on an individual defendant's personal involvement in the constitutional violation. Id. The Tenth Circuit has given the following guidance for alleging a viable § 1983 claim:

> Because § 1983 ... [is a] vehicle[ ] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. It is particularly important that plaintiffs make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

Id. at 1225-26 (citation, quotation, and alteration omitted).

II. The complaint

The defendants in the complaint are identified as follows: Cloud County Health Center; Cloud County Attorney; Cloud County Sheriff's Office; Cloud County Magistrate Judge; Cloud County Court Service Officer; and Cloud County District Judge.

Plaintiff alleges that on January 4, 2019, after attending court in Cloud County, she was required over her attorney's objection to give a UA.  "Court Services" claimed the UA was positive, although a week later a lab determined it was negative. Plaintiff asserts that her bond was revoked and she was remanded to the Cloud County Sheriff's Office.  She further claims that while being transported she was taken to the Cloud County Health Center and subjected to a body cavity search which she asserts violated her rights.  Plaintiff claims she was held in jail without a reason being given.

III. Screening

Plaintiff's complaint fails to state a plausible claim for relief for the following reasons.

A. Cloud County Health Center (CCHC)

Plaintiff alleges that she was transported to CCHC and subjected to a body cavity search.  She does not allege who ordered the search or who conducted the search or whether a search warrant was involved.  Plaintiff does not assert facts showing that a CCHC policy intentionally or recklessly violated plaintiff's constitutional rights.[2]  She also fails to allege facts showing there was no probable cause or other good reason for doing the

---

[2] The court notes that in Florence v. Board of Chosen Freeholders, 566 U.S. 318 (2012), the Supreme Court upheld a general policy of invasively searching persons entering a jail regardless of the circumstances of arrest, suspected offense or criminal history.

search.   The absence of relevant facts in the complaint prevents the court from finding that the complaint states a plausible claim for relief under § 1983 against CCHC.

In addition, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed <u>by a person acting under color of state law</u>." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)(emphasis added). This means that there must be a sufficiently close nexus between the State and the challenged action so that the action may be fairly treated as that of the State itself.  See <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1002 (1982).  Plaintiff does not allege facts in the complaint which plausibly indicate that the action taken by CCHC should be considered state action or action under the color of state law.  The Tenth Circuit has held under apparently similar circumstances that the actions taken by a hospital were not sufficiently connected to the State to state a claim against the hospital under § 1983.  <u>Loh-Seng Yo v. Cibola General Hospital</u>, 706 F.2d 306, 308 (10th Cir. 1983); see also, <u>Mikita v. Salina Regional Health Center, Inc.</u>, 2007 WL 1240244 *1 (D.Kan. 4/27/2007)(dismissing § 1983 claim against regional health center where plaintiff does not supply grounds to find state action).

B. Cloud County Attorney

Plaintiff does not identify the Cloud County Attorney by name or allege facts showing that he or she did anything other than make arguments in court with which plaintiff or her attorney disagreed.  Plaintiff does not allege facts demonstrating why her constitutional rights were violated by the Cloud County Attorney's actions.  Nor does she allege facts demonstrating that the broad doctrine of prosecutorial immunity would not protect the Cloud County Attorney from liability.  The Supreme Court has held that a prosecutor is absolutely immune from civil liability for acts taken during the judicial process of initiating and prosecuting criminal charges.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  According to the Court, a prosecutor is also absolutely immune for actions taken during probable cause hearings.  Burns v. Reed, 500 U.S. 478, 492 (1991).  The immunity extends as well to preparations for making a charging document and seeking an arrest warrant.  Kalina v. Fletcher, 522 U.S. 118, 128-29 (1997).

C. Cloud County Sheriff's Office

To state a § 1983 claim against a governmental entity, a plaintiff must state facts showing that the governmental body had a policy or custom that was responsible for inflicting a constitutional violation.  See Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 694 (1978) Plaintiff does not allege a policy, custom or practice by the Sheriff's Office

6

that caused a constitutional violation.  Plaintiff only alleges that she was remanded to the custody of the Sheriff's Office.  It is unclear what the Sheriff's Office or persons at the Office did to cause plaintiff an injury contrary to the Constitution.

In addition, plaintiff has not named a proper defendant.  In Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989), the Supreme Court held that a State and "arms of the State", such as state agencies, are not "persons" for the purposes of § 1983. This court has repeatedly determined that this holding applies to county sheriff's departments because they are not suable entities under state law. See, e.g., Walker v. Douglas County Sheriff's Office, 2020 WL 5513618 *2 (D.Kan. 9/14/2020)(Douglas County Sheriff's Office is not a suable entity); Simmons v. Kansas, 2020 WL 1285360 *2 (D.Kan. 3/18/2020)(Crawford County Sheriff's Office); Estate of Holmes by and through Couser v. Somers, 387 F.Supp.3d 1233, 1248 (D.Kan. 2019)(McPherson County and Harvey County Sheriff's Offices) Chapman v. Montgomery County Sheriff's Office, 2018 WL 2388813 *3 (D.Kan. 5/25/2018)(Montgomery County Sheriff's Office).  There is some dispute as to whether the proper defendant when challenging a county policy under these circumstances is the Board of County Commissioners or the Sheriff in his official capacity.  See Bledsoe v. Board of County Commissioners, 501 F.Supp.3d 1059, 1142-44 (D.Kan. 2020).  The

"Sheriff's Office", however, is not a proper defendant according to past rulings of this court.

D. Cloud County Magistrate Judge and District Judge

Plaintiff does not identify the judges she intends to sue by name or describe specifically why she is suing them. She complains that she was required to give a UA, but she does not expressly state who made this order. She also does not attempt to explain why the order was incorrect.

Also, plaintiff does not allege facts which would plausibly deny the application of the judicial immunity doctrine. Generally, judges cannot be sued for money damages for actions taken in their capacity as a judge. Mireles v. Waco, 502 U.S. 9 (1991)(per curiam); see also Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)("[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction")(interior quotations omitted). This is the case "[a]lthough unfairness and injustice to a litigant may result on occasion" because it is of highest importance that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles, 502 U.S. at 10 (interior quotation omitted).

For these reasons, the complaint does not state a claim for relief against the Magistrate or District Court Judge.

### E. Cloud County Court Service Officer

Plaintiff asserts an unnamed court services officer claimed a UA was positive when it was later determined to be negative and that her bond was revoked and she was remanded to the Sheriff's custody. Plaintiff does not allege whether the officer acted deliberately, recklessly or negligently. A negligent error would not be grounds for relief under § 1983. See Kingsley v. Hendrickson, 576 U.S. 389, 395-96 (2015); Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007).

Moreover, in general, absolute quasi-judicial immunity extends to court services personnel in connection with judicial proceedings. See Dunlap v. Pretrial Services, 181 Fed.Appx. 673 (9th Cir. 2006); Loggins v. Franklin County, Ohio, 218 Fed.Appx. 466, 476 (6th Cir. 2007); Whitsel v. Sengenburger, 222 F.3d 861, 869 (10th Cir. 2000); Hawkins v. Wagner, 2021 WL 5909180 *8 (E.D.Cal. 12/14/2021); Ippolito v. Justice Service Division, 2014 WL 459757 *2 (D.Colo. 2/4/2014); Turner v. Steeh, 2009 WL 2969556 *3 (E.D. Mich. 9/11/2009); Kirby v. Dallas County Adult Probation Dept., 2007 WL 9709837 *2 (D.N.Mex. 3/29/2007).

The court therefore finds that plaintiff has not stated a cause of action against the unnamed court services officer.

IV. <u>Conclusion</u>

The court shall grant plaintiff time until February 28, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint.  An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented. Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 31st day of January 2022, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge