IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EILEEN M. GARGER,

        Plaintiff,

vs.                          Case No. 22-3002-SAC

CLOUD COUNTY HEALTH CENTER, et al.,

        Defendants.

## O R D E R

Plaintiff, <u>pro se</u>, has filed this action alleging violations of her constitutional rights in relation to events occurring in Cloud County, Kansas.  Following a show cause order from the court, plaintiff filed an amended complaint on forms for an action pursuant to 42 U.S.C. § 1983.[1]  Doc. No. 5.   This case is before the court for the purposes of screening the amended complaint pursuant to 28 U.S.C. § 1915A.[2]  The court applies the same standards reviewed in the show cause order.  Doc. No. 2, pp. 1-3.

## I. The amended complaint

The defendants in the complaint are identified as follows: Cloud County Health Center; Cloud County Attorney Robert Walsh; Cloud County Sheriff's Deputy Ashley Tobalt; Cloud County

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

[2] Plaintiff was a "prisoner" for purposes of § 1915A when she initiated this case.

Magistrate Judge Guy R. Steire; Cloud County Court Service Officer Brandi Hake; and Cloud County District Judge Kim Cudney.

Plaintiff alleges that on January 4, 2019, during a court hearing in Cloud County, she was required by District Judge Kim Cudney, over her attorney's objection, to give a UA. Court Services Officer Brandi Hake claimed the UA was positive and refused to send it to a lab, stating that she had already disposed of the test. A subsequent UA was taken and Hake said that it was also positive, but she refused to let anyone else see it. Plaintiff alleges that her attorney was no longer at the courthouse when the second UA was done. Plaintiff's bond was revoked and she was remanded to the Sheriff's custody. Plaintiff was placed in a squad car and taken by Deputy Tobalt to the Cloud County Health Center (CCHC) for a cavity search prior to entering jail. Plaintiff refused to consent to the search. Eventually, Magistrate Judge Steire signed an order for the cavity search. After the search was conducted, plaintiff was taken to Cloud County Jail and held there from January 4, 2019 to April 2, 2019. Plaintiff alleges that the second UA was confirmed negative by the lab about a week after plaintiff entered jail.

Plaintiff seeks monetary damages as relief.

II. <u>Screening</u>

    A. <u>District Judge Cudney and Magistrate Judge Steire</u>

As the court stated in the previous screening order, plaintiff does not allege facts which would plausibly deny the application of the judicial immunity doctrine.[3]  Generally, judges cannot be sued for money damages for actions taken in their capacity as a judge.  <u>Mireles v. Waco</u>, 502 U.S. 9 (1991)(per curiam); see also <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978)("[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction")(interior quotations omitted).  This is the case "[a]lthough unfairness and injustice to a litigant may result on occasion" because it is of highest importance that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."  <u>Mireles</u>, 502 U.S. at 10 (interior quotation omitted).

    B. <u>Robert Walsh</u>

Plaintiff does not allege facts showing that defendant Walsh, the Cloud County Attorney, did anything other than argue in favor of ordering a UA and (the court assumes) in favor of revoking

---

[3] Immunity is an issue which the court may raise in the screening process.  28 U.S.C. § 1915A(b)(2).

plaintiff's bond.   Walsh is protected from liability for these actions by the broad doctrine of prosecutorial immunity.   The Supreme Court has held that a prosecutor is absolutely immune from civil liability for acts taken during the judicial process of initiating and prosecuting criminal charges.   Imbler v. Pachtman, 424 U.S. 409, 431 (1976).   A prosecutor is also absolutely immune for advocacy during probable cause hearings.   Burns v. Reed, 500 U.S. 478, 492 (1991).   The immunity extends as well to preparations for making a charging document and seeking an arrest warrant. Kalina v. Fletcher, 522 U.S. 118, 128-29 (1997).   These principles have been applied to prosecutors litigating revocation proceedings.   E.g., Harris v. Goderick, 608 Fed.Appx. 760, 763 (11th Cir. 2015); Wright v. Fischer, 2000 WL 517788 *3 (7th Cir. 2000).

   C. CCHC

   Plaintiff alleges that she was taken by the Deputy Ashley Toblat of the Cloud County Sheriff's Department to CCHC for a cavity search prior to being entered into jail.   She further alleges that, when she did not consent to a cavity search, there was a delay until Magistrate Judge Steire signed an order to present to the hospital.   The court assumes that after the order was produced the search was conducted by an employee of CCHC.

   These facts do not state a viable claim against CCHC for the following reasons.   First, the facts alleged do not suggest that

the search violated plaintiff's constitutional rights.   The
Supreme Court in <u>Florence v. Board of Chosen Freeholders</u>, 566 U.S.
318 (2012) held as follows:

> that jail administrators may require all arrestees who
> are committed to the general population of a jail to
> undergo visual strip searches not involving physical
> contact by corrections officers.   To perform the
> searches, officers may direct the arrestees to disrobe,
> shower, and submit to visual inspection.  As part of the
> inspection, the arrestees may be required to manipulate
> their bodies.

<u>Id.</u> at 340-41 (Alito, J., concurring).

Second, CCHC may be entitled to quasi-judicial immunity.  In
<u>Turney v. O'Toole</u>, 898 F.2d 1470 (10th Cir. 1990), a state court
judge verbally ordered that a 17-year-old juvenile in need of
mental health treatment be placed in protective custody and taken
to a state hospital where he was placed in an adult maximum
security unit for five days before he was released into the custody
of his parents.  The patient sued, among others, the superintendent
and a psychologist at the state hospital.

The Tenth Circuit held that the superintendent and the
psychologist were entitled to quasi-judicial immunity as to
admitting the patient to the state mental hospital in accordance
with the orders of a state court judge.[4]   <u>Id.</u> at 1472-74.  Here,
because CCHC's alleged actions were dictated by a facially valid

---

[4] Immunity did not extend to specific placement or treatment within the state
hospital because those matters were not dictated by the judge's order.

court order, CCHC is protected from liability by quasi-judicial immunity.  See also, <u>Moss v. Kopp</u>, 559 F.3d 1155, 1163-68 (10th Cir. 2009)(deputies executing a civil judicial order for search and seizure of property in a private home were entitled to quasi-judicial immunity).

Alternatively, as a corporate entity, CCHC may only be found liable under § 1983 if it executed a policy or custom that caused a violation of plaintiff's constitutional rights.  CCHC may not be held liable based upon respondeat superior – that is, solely because it employs someone who violated the Constitution.  See <u>Rascon v. Douglas</u>, 718 Fed.Appx. 587, 589-90 (10th Cir. 2017); <u>Spurlock v. Townes</u>, 661 Fed.Appx. 536, 545 (10th Cir. 2016). Plaintiff must allege facts showing a policy or a custom of CCHC or an action by a final policymaker, that caused her injury. <u>Spurlock</u>, <u>supra</u>; see also, <u>Moss</u>, 559 F.3d at 1168-69.  Plaintiff has failed to do that in the amended complaint.

D. <u>Tobalt</u>

Plaintiff does not allege facts showing that defendant Tobalt engaged in or directed the cavity search, or that Tobalt had any role in causing plaintiff's bond to be revoked.  There is no allegation that she had any authority to release plaintiff or prevent the cavity search.  Therefore, plaintiff has failed to allege the type of personal participation required for liability under § 1983. See <u>Thurmond v. County of Wayne</u>, 447 Fed.Appx. 643,

652 (6th Cir. 2011)(trooper who merely transported arrestee to county jail is not liable for false imprisonment); Simpson v. Evans, 2017 WL 4868559 *2 (W.D.Ark. 10/27/2017)(no actionable claim against officer who merely transported plaintiff to detention center); Robinson v. Keita, 20 F.Supp.3d 1140, 1157-61 (D.Colo. 2014)(deputies who merely enforced warrant by transporting plaintiff to detention center and assisting in booking and processing are not liable for due process violation on claim of mistaken identity). Moreover, the facts alleged indicate that defendant Tobalt is entitled to quasi-judicial immunity. Moss, supra; see also, Welch v. Saunders, 720 Fed.Appx. 476, 480-81 (10th Cir. 2017)(applying quasi-judicial immunity to deputies who evicted plaintiffs pursuant to a protection order which they did not know had been superseded).

E. Heck doctrine

Plaintiff alleges that her bond was revoked and other adverse consequences followed because of defendants' actions, including defendant Hake's reading or misreading of two UAs. In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court held that there is no § 1983 cause of action for claims that, if proven, would "necessarily imply" the invalidity of an underlying conviction or sentence, unless that conviction or sentence is first properly invalidated, either on appeal or through habeas corpus proceedings. The Tenth Circuit has applied the Heck doctrine to

proceedings that call into question the fact or duration of parole or probation.  Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996). Plaintiff's claims against all defendants, including defendant Hake, appear subject to dismissal to the degree that they necessarily imply that the bond revocation order was invalid, unless plaintiff alleges facts plausibly showing that the bond revocation was overturned or that plaintiff was somehow prevented from contesting the bond revocation on appeal or through habeas proceedings despite the exercise of diligence.  See Ippolito v. Justice Service Division, 2014 WL 459757 (D.Colo. 2/4/2014) aff'd, 562 Fed.Appx. 690 (10th Cir. 2014); see also Foster v. Lazalde, 2018 WL 1251923 *3-4 (W.D.Tex. 3/9/2018); Flowers v. Kile, 2015 WL 4040452 *3 (W.D.Okla. 6/30/2015).

    F.  Other flaws in the amended complaint

Plaintiff alleges in the amended complaint that:  "My belief is that Robert Walsh, Brandi Hake, and possibly Judge Cudney intended for me to go to jail that day and a clean UA was not part of their plan."  This generally stated claim is not sufficiently supported by facts in the amended complaint to generate a plausible claim of a conspiracy to deny plaintiff's constitutional rights. Additionally, plaintiff does not assert facts plausibly showing that Hake's actions went beyond negligence.  As the court noted in the previous show cause order, a negligent error would not be grounds for relief under § 1983.  See Kingsley v. Hendrickson, 576

U.S. 389, 395-96 (2015); <u>Darr v. Town of Telluride, Colo.</u>, 495 F.3d 1243, 1257 (10th Cir. 2007).  Finally, while the basis of plaintiff's claims against defendant Hake is somewhat unclear, it is worth noting that Hake would be entitled to absolute immunity against liability based upon her court testimony.  See <u>Briscoe v. LaHue</u>, 460 U.S. 325, 345-46 (1983).

III. <u>Conclusion</u>

The court shall grant plaintiff time until May 5, 2022 to show cause why this case should not be dismissed or to file a second amended complaint which corrects the deficiencies found in the amended complaint.  A second amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented.  Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 5th day of April 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge